UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESYA BACHAYEVA and FARAH NIKFAR,
on behalf themselves and of all other similarly
situated persons

                Plaintiffs,

AMERICARE CERTIFIED SPECIAL
SERVICES, INC.

                Defendant.
------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiffs Esya Bachayeva and Farah Nikfar, by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, against Defendant Americare Certified Special Services, Inc., ("Americare") to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL § 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendant Americare does business in, and accordingly resides in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Esya Bachayeva resides in the County of Kings in the State of New York. At all relevant times, Plaintiff Bachayeva was employed by Defendant as a Licensed Practical Nurse ("LPN"), as described herein, from in or about 2001 until January 2012, approximately.

7. Plaintiff Farah Nikfar resides in the County of Queens in the State of New York. At all relevant times, Plaintiff Nikfar was employed by Defendant as a Registered Nurse ("RN"), as described herein, from in or about August 2008 until June 2010, approximately.

8. Upon information and belief, Defendant Americare is a New York State domestic business corporation with its principal place of business at 171 Kings Highway, Brooklyn, New York 11223.

9. Upon information and belief, Defendant grossed more than $500,000.00 in each of the last six calendar years.

10. At all relevant times, Defendant Americare has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203. At all times relevant hereto, Defendant

Americare has been, and continues to be, an "employer" as defined by Section 3 (D) of the FLSA, 29 U.S.C. § 203 (D) and by the NYLL § 190(3). At all relevant times, Defendant has employed "employee[s]", including each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

11. Defendant Americare is a medical services provider based in Brooklyn, New York, which, inter alia, employs many – more than 40 - Registered Nurses and Licensed Practical Nurses (collectively referred to herein as "nurses") and sends them to provide nursing services to (i) healthcare facilities, including nursing homes, assisted-living and rehabilitation centers, and (ii) home care patients - throughout the New York City and surrounding areas, including Nassau, Suffolk, Westchester, Rockland, Dutchess and Sullivan Counties.

12. At all times relevant hereto, Defendant's nurses were non-exempt employees who were paid hourly and as such were entitled to be paid overtime.

13. Plaintiffs Bachayeva and Nikfar were assigned to, and regularly worked for Defendant as nurses at, the Surfside Manor, an assisted living facility in Rockaway Beach, five days a week, Monday through Friday. Often they also worked there on Sundays.

14. Throughout their respective terms of employment with Defendant, Defendant paid Plaintiff Bachayeva a regular hourly rate of between $24.81 and $27.79 and Plaintiff Nikfar a regular hourly rate of between $33.25 and $37.72 for each hour of their regular shifts that they worked - except for the 45 minute meal break when they were not paid.

15. Defendant had an illegal policy of always deducting time for meal breaks - and not paying its nurses for that time - even though Plaintiffs Bachayeva and Nikfar, and many of the FLSA Collective and members of the Class, worked through their meal times and never took uninterrupted meal breaks of at least 30 minutes. This illegal policy resulted in Defendant not compensating Plaintiffs, and the FLSA Collective and members of the Class, for up to 45 minutes of working time each day they worked for Defendant.

16. Defendant also failed to compensate Plaintiffs, and many of the FLSA Collective and members of the Class, for time they worked outside of their regularly scheduled shift preparing schedules, completing nursing notes, and other paperwork.

17. While Plaintiffs Bachayeva's and Nikfar's regular scheduled shifts were from 7:00 AM to 3:30 PM, they and the FLSA Collective and members of the Class, regularly arrived at work in the mornings and started working prior to the start of their shifts and/or stayed late after their shifts to complete scheduling paperwork, make copies, file and/or complete nursing notes or other paperwork and to do other tasks assigned to them and/or required for their jobs. Plaintiffs and the FLSA Collective and members of the Class were not paid for this pre and post shift time.

18. In addition to the pre and/or post shift time that they worked at their places of employment, Plaintiffs Bachayeva and Nikfar and the FLSA Collective and members of the Class regularly worked from 1 to 3 hours per day, approximately, from their homes in the mornings and/or evenings, filling out nursing notes and other job related paperwork that they were required to fill in. Plaintiffs and the FLSA Collective and members of the Class were not paid for this at-home work.

19. On occasion, Defendant assigns its nurses to work extra hours and/or shifts, in addition to their regularly scheduled shifts.

20. However, instead of paying overtime at the overtime rates required by law, until recently Defendant paid Plaintiffs, the FLSA Collective and members of the Class, for these hours at "per diem" rates of between $25.00 and $35.00 per hour for all overtime hours they worked, far below the overtime rates required by law.

21. As a result of the above illegal policies and practices, Defendant failed to pay Plaintiffs Bachayeva and Nikfar, and the FLSA Collective and members of the Class, for all of the hours they worked (i) at their regular hourly rates of pay - for the hours they worked up to 40

hours per week and (ii) at the required overtime rates of one and one-half times their regular hourly rate of pay - for all hours they worked in excess of forty hours per week.

22. During her employment with Defendant, Plaintiff Nikfar accrued approximately 14 days of unused vacation, which Defendant failed to pay her.

23. Upon information and belief, at all relevant times and in violation of law, Defendant failed to post and/or keep posted notices explaining the minimum wages and overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

24. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay overtime premiums for all hours worked in excess of 40 hours in a week. Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and that it violated the FLSA and the NYLL.

25. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated nurses who were paid hourly, including but not limited to Registered Nurses and Licensed Practical Nurses employed by Defendant at any time during the three years prior to the filing of the original Complaint to the entry of judgment in this case. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

27. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours

worked in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28. Other nurses currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

29. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

30. Plaintiffs bring the Second Claim for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages and unpaid overtime pay on behalf of all individuals employed in the State of New York by Defendant as nurses at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

31. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

32. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendant, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over forty members of the Class.

33. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not compensated for all hours worked up to forty hours and for all overtime hours worked as required by 12 NYCRR § 142-2.2. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

34. As fellow employees of Defendant, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained David Harrison, Esq., a competent and experienced employment litigator.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including, whether Defendant required Class Members to work uncompensated hours and uncompensated overtime hours and failed to adequately compensate the Class Members for all hours worked and all overtime hours worked as required by 12 NYCRR § 142-2.2.

39. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

40. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

8

41. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto, labeled as Exhibit "A".

42. At all times relevant hereto, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

43. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

44. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid hours and overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

45. Because Defendant's violations of the FLSA have been willful, and because Defendant failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class)

46. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

47. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

48. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

49. Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all hours worked and at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

50. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

51. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

#### (Failure to Pay Wages – NYLL, Brought by Plaintiff Nikfar on Behalf of Herself)

52. Plaintiff, on behalf of herself, realleges and incorporates by reference all previous paragraphs.

53. Defendant violated NYLL §198, by unlawfully failing to pay Plaintiff Nikfar wages, in the form of accrued vacation pay.

54. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff Nikfar has sustained damages, including the loss of wages, in an amount to be established at trial.

55. Plaintiff, on behalf of herself, seeks damages in the amount of her unpaid wages, liquidated damages, pre-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

10

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and as the class representatives of the Class;

(d) An award of unpaid wages and overtime compensation, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e) On behalf of Plaintiff Nikfar, an award of unpaid wages, including NYLL liquidated damages, and interest, to be paid by Defendant;

(f) Costs of action incurred herein, including expert fees;

(g) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial

Dated: Red Bank, New Jersey  
       March 26, 2012

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES, LTD.

*[signature]*

David Harrison (DH 3413)  
110 State Highway 35, 2nd Floor  
Red Bank, NJ 07701  
(718) 799-9111 Phone  
(718) 791-9171 Fax  
nycotlaw@gmail.com  
*Attorney for Plaintiffs, Proposed Collective Action Members and Proposed Class*

# Exhibit "A"

I am a current or former employee of Americare Certified Special Services, Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 2nd day of February, 2012.

_Esya Bachayen_
Signature

_Esya Bachayen_
Full Legal Name (print)

I am a current or former employee of Americare Certified Special Services, Inc and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 15 day of February, 2012.

_____
Signature

FARAH, NIKFAR
Full Legal Name (print)