UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ESYA BACHAYEVA, et al.,

                Plaintiffs,                              MEMORANDUM AND ORDER
    -against-                                                    12-CV-1466 (RRM)

AMERICARE CERTIFIED SPECIAL
SERVICES, INC.

                Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

        On March 26, 2012, Plaintiffs Esya Bachayeva and Farah Nikfar filed a putative class and collective action against Americare Certified Special Services, Inc. ("Americare") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York State Labor Law ("NYLL")., including N.Y. Lab. § 190 *et seq.*, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit.12, ("NYCRR") § 142-2.2.  (Compl. (Doc. No. 1) ¶¶ 1-2.)  Before the Court is defendant Americare's fully-briefed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (*See* Doc. No. 16 and exhibits.)  For the reasons stated below, the motion is granted in part and denied in part.

## FACTUAL BACKGROUND

        The following facts are taken from plaintiffs' complaint and considered to be true for purposes of this motion to dismiss.  Bachayeva was employed by Americare as a Licensed Practical Nurse ("LPN") from approximately 2001 until January 2012 and was paid a "regular hourly rate of between $24.81 and $27.79."  (Doc. No. 1 ¶¶ 6, 14.)  Nikfar was employed by defendant as a Registered Nurse ("RN"), from approximately August 2008 until June of 2010 and was paid a "regular hourly rate of between $33.25 and $37.72."  (*Id*. ¶¶ 7, 14.)  Although

---

[1] The motion was originally referred to the assigned magistrate judge for a Report and Recommendation. (Electronic Order of 8/20/2012.)   That reference is hereby withdrawn.

there are two distinct groups of nurses at issue, LPNs and RNs, represented by Bachayeva and Nikfar respectively, plaintiffs set forth generally the same allegations for both groups.

Plaintiffs allege that all of Americare's nurses, including Bachayeva and Nikfar, "were non-exempt employees who were paid hourly" (*id*. ¶ 12), and who "regularly worked in excess of forty (40) hours per workweek." (*Id*. ¶ 42.) Plaintiffs further allege that Americare had a policy of always deducting forty-five minutes for meal breaks and not paying nurses for that time even though plaintiffs "worked through their meal times and never took uninterrupted meal breaks for at least 30 minutes." (*Id*. ¶ 15.) Additionally, Plaintiffs allege that Americare did not compensate them for the time they worked outside their shifts, from 7:00 A.M. to 3:30 P.M, which included time before and after the shifts to complete assigned tasks and required paperwork, and the approximately "1 to 3 hours per day" that plaintiffs worked from home completing additional required paperwork because Americare "had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per work week." (*Id*. ¶¶ 17–18, 43.) Moreover, plaintiffs allege that when they were assigned to work extra hours or shifts, Americare paid a "'per diem' rate[] of between $25.00 and $35.00 per hour for all overtime hours" instead of the overtime rates required by law. (*Id*. ¶ 20.)

Based on these allegations, Plaintiffs claim that Americare violated the FLSA by failing to pay wages for time worked and failing to pay overtime wages. Pursuant to § 216(b) of FLSA, plaintiffs seek to bring a class and collective action on behalf of all similarly situated employees who were paid hourly by defendant during the three-year period prior to the filing of the Complaint and through the entry of judgment. (*Id*. ¶¶ 26-29.) Plaintiffs also allege, on behalf of themselves and all other similarly situated employees, violations of NYLL, including N.Y. LAB.

2

§ 190 *et seq.*, § 650 *et seq.* (McKinney 2013) and NYCRR § 142-2.2 (2013). (*Id.* ¶ 2.) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs seek certification as a class action to recover unpaid wages and overtime pay under the NYLL during the six-year period prior to the filing of the Complaint. (*Id.* ¶ 30.) Plaintiff Nikfar also alleges, solely on behalf of herself, that Americare failed to pay her for fourteen hours of unused vacation time. (*Id.* ¶ 22.)

Americare makes three main arguments in support of its motion to dismiss.[2] It first maintains that plaintiffs were paid for all hours reported on their timesheets. (Doc. No. 16-1 at 8-11.) In support, defendant has submitted declarations from its Payroll Director, Denyse Patsakos, and its Corporate Director of Human Resources, Michele Falotico. (*See* Denyse Patsakos Decl. (Doc. No. 16-4); Michele Falotico Decl. (Doc. No. 16-8).) They provide numerous relevant documents, including time sheets, payroll reports, employee handbooks, and various signed forms that outline terms of employment and that purport to waive certain rights as a condition of the receipt of back pay. (*See* Doc. No. 16-4, Exs. G, H; Doc No. 16-8 ¶¶ 4–7, Exs. A, B, I, J, L.)

Defendant also contends that plaintiff Nikfar is exempt from FLSA and NYLL coverage due to her position as a case manager with a fixed annual salary. (Doc. No. 16-1 at 12–19; Doc. No. 16-8, Ex. A (copy of form signed by Nikfar outlining the terms of her employment).) Defendant further argues that plaintiff Bachayeva has fully waived her right to FLSA and NYLL claims as a result of having signed three releases connected with previous awards of back pay. (Doc. No. 16-1 at 19–21; Doc. No. 16-8, Exs. I, J, L (copies of releases dated September 30, 2009, June 2, 2010, and August 2, 2010).)

---

[2] Notably, Americare does not challenge the putative class or collective action claims. Rather, it argues solely that the claims brought by the individual plaintiffs are deficient, and as such, the complaint must be dismissed.

3

As discussed more fully below, Plaintiffs concede that Nikfar and similarly situated RNs are exempt employees under the NYLL, and thus are not entitled to overtime under state law. (Pl. Opp. at 17.) Thus, those claims are hereby dismissed. However, with respect to all other claims under both the FLSA and NYLL, both as to the RNs and LPNs, including the LPNs claims under the NYLL for overtime, and Nikfar's individual claim for unpaid vacation time, plaintiffs have sufficiently pled plausible claims. As such, defendant's motion is denied as to all other claims.

## DISCUSSION

A.  <u>Legal Standard for a Motion To Dismiss</u>

To withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must examine the legal, rather than factual, sufficiency of a complaint. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing

4

Twombly, 550 U.S. at 556). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

In deciding a Rule 12(b)(6) motion, the court must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (citation omitted). Further, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc*., 102 F.3d 660, 662 (2d Cir. 1996). However, the court may also consider "matters of which judicial notice may be taken" and documents of which plaintiff "had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.  <u>Elements of the Alleged Statutory Violations</u>

The minimum wage provision of the FLSA requires that all covered employers pay all non-exempt employees wages at rates not less than certain hourly rates. 29 U.S.C. § 206(a). The overtime provision of the FLSA requires that all covered employers pay all non-exempt employees at "one and one-half times the regular rate at which he is employed" for all time worked above a forty-hour workweek. *Id.* § 207(a)(1). Plaintiffs additionally claim that defendant failed to comply with the federal regulation requiring the posting of notices concerning minimum wage and overtime pay under the FLSA. (Doc. No. 1 ¶ 23 (citing 29 C.F.R § 516.4).)

The NYLL minimum wage provision requires that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than" certain hourly rates. NYLL

5

§ 652(1). State regulations require that "[a]n employer shall pay an employee for overtime at a wage of one and one-half times the employee's regular rate" and incorporate the manner, methods, and exemptions of Sections 207 and 213 of the FLSA. NYCRR § 142.2.

>    1. *Plaintiffs allege, and defendants do not challenge, that Americare is a "covered employer"*

A threshold requirement of the FLSA is that the defendant employer is an entity engaging in interstate commerce. 29 U.S.C. § 203 (defining "commerce" broadly as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"); *Id.* §§ 206(b), 207(a) (limiting the applicability of the FLSA's minimum wage and overtime provisions to "enterprise[s] engaged in commerce or in the production of goods for commerce"). The statutory definition of an enterprise engaged in commerce includes the standard requirement that it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and that its "annual gross volume of sales made or business done is not less than $500,000." § 203(s)(1)(A). Plaintiffs represent, "upon information and belief," and defendant does not challenge, that Americare is a New York state domestic business corporation with its principle place of business in Brooklyn, and that it has "gross[ed] more than $500,000.00 in each of the last six calendar years." (Doc. No. 1 ¶ 9.) Plaintiffs further represent that Americare "has been, and continues to be, an 'employer' engaged in 'interstate commerce' and/or in the 'production of goods' for 'commerce', within the meaning of 29 U.S.C. § 203." (*Id.* ¶ 10.)

As an alternative basis for FLSA liability, a plaintiff may establish that Americare's employees were engaged "in the 'channels of interstate commerce,'" as distinguished from [employees] who merely affected that commerce." *Xelo v. Mavros*, 03-cv-3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (internal quotation marks omitted) (citing *McCleod v.*

6

*Threlkeld*, 319 U.S. 491, 494 (1943)). "In making this determination, the court must 'focus on the activities of the employees and not on the business of the employer.'" *Id*. (quoting *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959)). Americare is described by plaintiffs as "a medical services provider" that employs over forty nurses and "sends them to provide nursing services to (i) healthcare facilities, including nursing homes, assisted-living and rehabilitation centers, and (ii) home care patients – throughout the New York City and surrounding areas," including Nassau, Suffolk, Westchester, Rockland, Dutchess and Sullivan Counties. (Doc. No. 1 ¶ 11.) Again, defendant does not challenge these assertions. As such, plaintiffs have plausibly pled that Americare's employees, including plaintiffs, through their travels in and around the region surrounding New York City, were engaged in the "channels of interstate commerce."

> 2. *Plaintiffs allegations with regard to their status as non-exempt employees*
>    a.) *FLSA exemptions*

Section 213(a)(1) of the FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from coverage under the minimum wage and maximum hour provisions, §§ 206 and 207, respectively. 29 U.S.C. § 213. Plaintiffs clearly and plainly allege that "Defendant's nurses were non-exempt employees who were paid hourly and as such were entitled to be paid overtime." (Doc. No. 1 ¶ 12.)

Defendant challenges plaintiffs' status as non-exempt employees under the FLSA. They point to the fact that Bachayeva is an LPN and that Nikfar holds an RN degree, (*id*. ¶ 6-7), facts which indeed are relevant to the determination of applicable professional exemptions. However, "a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2. The two-pronged consideration of duties and salary is the standard for the FLSA

professional exemption. In other words, a license or a degree does not mean, by itself, that an employee is exempt from the FLSA.

Moreover, the *employer* bears the burden of proving that an employee falls within an exemption to the overtime requirement. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Freeman v. National Broad. Co., Inc.*, 80 F.3d 78, 82 (2d Cir. 1996). Since the FLSA is a remedial statute, the exemptions are to be narrowly construed and the employer must show that the employee fits "plainly and unmistakably within [the exception's] terms." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *see also Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991).

Here, defendant attempts to rely on myriad documents appended to its motion in support of its claimed defense, including affidavits, time sheets, payroll reports, employee handbooks, various signed employment forms, and purported waivers. (*See generally* Doc. No. 16 and exhibits thereto.) None of these documents are referenced in the complaint, and the court declines to convert this motion into one for summary judgment. *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (stating that because the purpose of Rule 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits," a court generally "does not look beyond the complaint and attached documents in deciding a motion to dismiss"); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir. 1996) (holding that on a Rule 12(b)(6) motion to dismiss "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference"). Moreover, "dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only 'if the defense appears on the face of the complaint.'" *Saca v. Dav-El Res. Sys.,*

8

*Inc.*, 600 F. Supp. 2d 483, 486 (E.D.N.Y. 2009) (citing *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 426 (2d Cir. 2008)).[3]

Thus, without reference to these documents, defendant's motion challenging the status of Bachayeva and Nikfar, and the LPN's and RN's each purports to represent, fails.

> *b.) Nikfar and similarly-situated RN's are exempt under the NYLL*

Similar to the FLSA, the NYLL provides an exception for employees working in bona fide executive, administrative, or professional capacities. NYCRR § 142-2.14(c)(4). Nevertheless, "New York law differs from federal law . . . in that to establish the exception, the employer need not satisfy a 'salary' test, only a duties test." *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 187 (E.D.N.Y. 2004). As an RN, Nikfar satisfies the duties requirement because she possesses an advanced degree and is registered by the appropriate state examining board. *See id*. (holding that registered nurses satisfied the duties test for the professional exemption under the NYLL). Indeed, plaintiffs concede that "Nikfar and all of the other RNs are not entitled to NYLL overtime pay." (Doc. No. 16-19 at 17.) As such, plaintiffs' second claim for relief for failure to pay wages for time worked and to pay overtime wages pursuant to the NYLL is dismissed with respect to Nikfar, both individually and on behalf of similarly situated RNs. However, with respect to Bachayeva, both individually and on behalf of similarly situated LPNs, the NYLL claim survives, as licensed practical nurses generally do not qualify as exempt learned professionals because possession of a specialized advanced academic degree is not a standard prerequisite for entry into this occupation. *See id*.

---

[3] Defendant also argues for dismissal of plaintiff Bachayeva's claims based on three contractual agreements that she made with defendant, (Doc. No. 16-1 at 19–21; Doc. No. 16-8, Exs. I, J, L), as well as dismissal of Nikfar's vacation time claims based on Americare's employee policies. (Doc. No. 16-1 at 16–18; Doc. No. 16-8, Exs. C, E, F.) These arguments, too, are based on documents submitted by defendant that are not part of the complaint and are not referenced by the complaint, and will not be considered. As such, defendant's arguments with respect to these claims are rejected, and must await summary judgment.

9

### 3. *Employer's Failure To Pay*

A complaint alleging overtime violations under the FLSA "should, at least approximately, allege the hours worked for which these wages were not received." *Zhong v. August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). In moving to dismiss, Americare argues, based solely on *DeSilva v. N. Shore-Long Island Jewish Health System, Incorporated*, 770 F. Supp. 2d 497 (E.D.N.Y. 2011), that plaintiffs fail to "describe when [the off hours] were worked, what they approximately add up to, or even that Americare knew that they were working these hours" and that plaintiffs fail to allege that "Americare refused to compensate the Plaintiffs for these alleged hours or even required them to do the work." (Doc. No. 16-1 at 8.) They add that "a simple review of Plaintiffs' time sheets shows that they were paid for every single hour that they recorded on their timesheets and submitted to Americare." *Id.* (citing Doc. No. 16-8, Exs. G, H). Defendant's arguments are without merit.

First, as noted above, the Court declines to consider the volume of documents on which defendant attempts to rely in support of this challenge. Second, contrary to Americare's assertions, plaintiffs have alleged that they were paid hourly wages as non-exempt employees (Doc. No. 1 ¶¶ 6–7, 12, 14), the dates they worked (*id.*), that they "regularly worked in excess of forty (40) hours per workweek" (*id.* ¶ 42), the general hours that they worked each workday and the amount of additional hours, "1 to 3 hours per day," that they worked on "assigned tasks" or "required" paperwork. (*Id.* ¶¶ 17–18, 43.) Additionally, plaintiffs allege that Americare had a policy of always deducting forty-five minutes for meal breaks and not paying nurses for that time even though plaintiffs "worked through their meal times and never took uninterrupted meal breaks for at least 30 minutes" (*id.* ¶ 15), that Americare had a "policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per

10

work week" (*id*. ¶ 43), and that Americare paid a "'per diem' rate[] of between $25.00 and $35.00 per hour for all overtime hours" instead of the overtime rates required by law. (*Id*. ¶ 20.) Plaintiffs plead enough factual content to allow the court to draw the reasonable inference that Americare is liable for the misconduct alleged. Indeed, *DeSilva* does not require a different result: "The burden placed on plaintiffs is not an onerous one . . . they are not required to state every single instance of overtime work or to state the exact amount of pay which they are owed; instead, they are only required to provide some approximation of the overtime hours that they worked." 770 F. Supp. 2d at 510.

Accordingly, plaintiffs have pled sufficient factual allegations to plausibly state their claims that Americare violated the FLSA and the NYLL with respect to Bachayeva, individually and on behalf of similarly situated LPNs, and that Americare violated the FLSA with respect to Nikfar, individually and on behalf of similarly situated RNs.

## CONCLUSION

For the reasons set forth above, defendant Americare's motion to dismiss is granted in part and denied in part. As to plaintiffs' first claim for relief, individually and on behalf of similarly situated LPNs and RNs, for failure to pay wages for time worked and to pay overtime wages pursuant to FLSA, defendant's motion to dismiss is denied. As to plaintiffs' second claim for relief, individually and on behalf of similarly situated LPNs and RNs, for failure to pay wages for time worked and to pay overtime wages pursuant to the NYLL, defendant's motion to dismiss is granted with respect to Nikfar, both individually and on behalf of similarly situated RNs, and denied with respect to Bachayeva, both individually and on behalf of similarly situated LPNs. As to plaintiffs' third claim for relief failure to pay Nikfar for accrued unused vacation time, defendant's motion to dismiss is denied.

This case is recommitted to the assigned magistrate judge for supervision of all pre-trial matters.

SO ORDERED.

Dated: Brooklyn, New York
      March 20, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge