UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ESYA BACHAYEVA, et al.,

                Plaintiffs,                          MEMORANDUM AND ORDER
                                                                        12-CV-1466 (RRM)(SMG)

   -against-

AMERICARE CERTIFIED SPECIAL
SERVICES, INC.

                Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On July 19, 2013, Chief Magistrate Judge Steven M. Gold issued a discovery order granting "[p]laintiffs' application to distribute a questionnaire (Document [28-1]) to 20% of defendants' LPNs and RNs" and ordering the parties to confer "on a schedule and procedure to distributing and collecting the questionnaires and submit a letter describing their agreements" by July 26, 2013.[1] (Minute Order dated July 19, 2013 (Doc. No. 29) at 1.) Defendant Americare has moved, pursuant to Federal Rule of Civil Procedure 72(a), to vacate that portion of Chief Magistrate Judge Gold's discovery order granting plaintiffs' application to distribute the questionnaire to 20% of Americare's LPNs and RNs. (Mot. to Vacate (Doc. No. 32).) Additionally, Americare moves to stay discovery pending this appeal and the resolution of its request to file a second motion to dismiss. (*Id*.)

      For the reasons that follow, Americare's motions are denied.

---

[1] Terms and abbreviations used herein are taken from this Court's Memorandum and Order, dated March 20, 2013, denying in part and granting in part Americare's motion to dismiss. (*See* Mem. and Order (Doc. No. 17).)

1

## DISCUSSION

### I. Rule 72(a) Motion

Pre-trial discovery matters are considered non-dispositive decisions governed by Federal Rule of Civil Procedure 72(a) and the Federal Magistrate Act, 28 U.S.C. § 636(b)(1)(A). *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Under Rule 72(a), when a magistrate judge rules on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed .R. Civ. P. 72(a). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Cendant Mortgage Corp. v. Saxon Nat. Mortgage*, 492 F. Supp. 2d 119, 124 (E.D.N.Y. 2007) (citation omitted). Under the "contrary to law" standard of review, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (Mauskopf, J.) (citation omitted). "Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes . . . [and] a party seeking to overturn a discovery order bears a heavy burden." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (internal citations omitted).

Americare objects to the order concerning the questionnaire on the grounds that Chief Magistrate Judge Gold: 1) "failed to apply and/or misapplied relevant case law in ordering service of the questionnaire"; 2) "erred by directing service of the questionnaire because its

scope impermissibly exceeds FLSA and is beyond a magistrate judge's authority"; and 3) "erred by failing to consider that this case may be moot in light of Americare's offers of judgment served on Plaintiffs." (Mot. to Vacate at 1.) Americare further argues in its reply brief "that Plaintiffs, despite a clear and unambiguous request, did not receive an opportunity to brief the issues related to the service of questionnaire, depriving Americare of due process." (Def. Reply (Doc. No. 37) at 1.)

### A. Service of the Questionnaire

Americare argues that Chief Magistrate Judge Gold's order "directing distribution of the questionnaire to 20% of Americare's LPNs and RNs" was in error because "the Nwike[] declaration is exactly what was rejected in *Lundy, Trinidad Laroque, Monger* and many other similar cases." (Def. Br. (Doc. No 32-1) at 10.) As plaintiffs correctly point out, none of the case law cited by Americare address pre-certification discovery in the FLSA context. (*See* Pls. Br. (Doc. No. 35) at 5–10.) Instead the cases cited by Americare address the pleading requirements for FLSA claims and motions for collective action certification pursuant to 29 U.S.C. § 216(b). *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir 2013) (addressing FLSA pleading requirements); *Trinidad v. Pret A Manger (USA) Ltd.*, 12-cv-6094, 2013 WL 3490815 (S.D.N.Y July, 11, 2013) (same); *Monger v. Cactus Salon & SPA's LLC*, 08-cv-1817, 2009 WL 1916386 (E.D.N.Y. July 6, 2009) (addressing motion to certify collective action pursuant to 29 U.S.C. § 216(b)); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 348 (E.D.N.Y. 2008) (same). Based on these cases, and without any explanation or case law citations as to why these cases are applicable in the context of pre-certification discovery, Americare asserts that "[t]he declarations in this matter, including the Nwike declaration, . . . should have been ignored." (Def. Br. at 10.)

In contrast, at the July 19, 2013 conference, Chief Magistrate Judge Gold specifically referenced four recent opinions that "directed very broad disclosures on showings no more substantial than what the plaintiff has made here today." (July 19 Conf. Tr., Ex. M. to O'Connor Decl. (Doc. No. 32-3) at 11:16–24 (citing *Ruiz v. Citibank, N.A*, 10-cv-5950, 2010 WL 4630263 (S.D.N.Y. Nov. 9, 2010); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 09-cv-1148, 2010 WL 2362981 (S.D.N.Y. June 14, 2010); *Glatt v. Fox Searchlight Pictures Inc*., 11-cv-6784 2012 WL 2108220 (S.D.N.Y. June 11, 2012); *Youngblood v. Family Dollar Stores, Inc*., 09-cv-3176, 2011 WL 1742109 (S.D.N.Y. Jan. 5, 2011).) Americare does not address any of these cases which permitted pre-certification discovery in the FLSA and/or NYLL context.[2]

Accordingly, Chief Magistrate Judge Gold's order directing service of a questionnaire to 20% of Americare's LPNs and RNs is not clearly erroneous or contrary to the law.

### B. Scope of Questionnaire

Americare also argues that Chief Magistrate Judge Gold exceeded both his authority and the scope of the FLSA in granting plaintiffs' application to distribute the questionnaire to 20% of the "LPNs employed by Americare from March 26, 2006 (6 years from the inception of this matter)" and permitting the questionnaire to "inquire[] into facility and employment particulars spanning five years" because 29 U.S.C. § 255 establishes a three-year statute of limitations for FLSA cases. (Def. Br. at 11, 14 (emphasis in original).) In support of its argument, Americare cites to two cases from this district that limited the FLSA notice period to three years. (*Id*. at 11–14 (citing *Lujan v. Cabana Mgmt, Inc.*, 10-cv-755, 2011 WL 317984 (E.D.N.Y. Feb. 1. 2011), *Alvarez v. IBM Restaurants Inc.*, 839 F. Supp. 2d 580 (E.D.N.Y. 2012).) Neither of these cases

---

[2] Ironically, Americare, the party bearing the burden in its attempt to overturn the magistrate judge's discovery order, not only fails to cite a single case that addresses pre-certification discovery in the FLSA context, it audaciously chides plaintiffs for "fail[ing] to cite a single authority in support of this approach or even to provide a single example where a court ordered such unprecedented remedy." (Def. Reply at 1.)

addresses a magistrate judge's authority with respect to discovery in the form of questionnaires, as opposed to notices regarding opting-in to an FLSA collective action, which was not before Chief Magistrate Judge Gold.

Moreover, as plaintiffs properly note, the six-year period for Americare's LPNs "is directly relevant to the LPNs' New York Labor Law wage and overtime claims – which the Court in its March 20th Memorandum and Order explicitly allowed to proceed in this action". (Pls. Br. at 11.)  The Court granted Americare's motion to dismiss plaintiff's claims pursuant to the NYLL for failure to pay wages for time worked and to pay overtime wages for RNs, but denied Americare's motion with respect to LPNs.  (*See* Mem. and Order (Doc. No. 17).)  Thus, the relevant period for the RNs' claims is governed by the three-year limitation period pursuant to the FLSA whereas the relevant period for the LPNs' claims is governed by the six-year limitation period pursuant to the NYLL.  *See* 29 U.S.C. § 255; N.Y. Lab. Law § 663(3).   Thus, the discovery order is wholly consistent with this Court's ruling on the motion to dismiss.  Notably, Americare chose not address this argument in its reply brief.

Americare further argues, in wholly conclusory fashion, that the discovery order permits "[p]laintiffs to by-pass requirements of Fed. R. Civ. P. 23 and, while not authorizing a class action per-se, authorized distribution of 'discovery' to a Rule 23 calss in volation of 28 U.S.C.A. § 636(b)(1)(A)."  Americare does not explain, nor provide any case law to support, its assertion or how this discovery order violates the magistrate judge's authority under § 636 or circumvents Rule 23.

5

Accordingly, for these reasons, Americare has not met its burden to show that Magistrate Judge Gold's order regarding the scope proposed questionnaire was somehow clearly erroneous or contrary to the law.[3]

### C. Due Process

As part of its argument concerning the service of the questionnaire, Americare refers to letters from both plaintiffs and Americare, dated May 20, 2013 and May 21, 2013 respectively, and "note[s] that the parties did not brief the issues addressed in the two correspondences submitted to Judge Gold, despite Americare's repeated rests that the ruling be made on full record with briefing." (Def. Br. at 8.) In its reply brief, Americare raises for the first time "that Plaintiffs, despite a clear and unambiguous request, did not receive an opportunity to brief the issues related to the service of questionnaire, depriving Americare of due process." (Reply Br. at 1.) Americare does not elaborate on this alleged due process violation or cite any authority to support is argument. Rather, Americare simply refers to its letter dated May 21, 2013 where it requested the Court to "establish a briefing schedule so that the parties can thoroughly analyze the issues represented in the Plaintiffs' instant motion, rather than through an ad hoc, letter writing campaign." (Reply Br. at 2–3 (citing Pl. Ltr dated May 21, 2013 (Doc. No. 25) at 2).)

Americare's allegation of a due process violation is belied by its rejection of an opportunity to brief the discovery issues. Chief Magistrate Judge Gold addressed these two

---

[3] Additionally, Americare objects to certain specifics of the questionnaire that were not previously raised before Chief Magistrate Judge Gold such as "list[ing] twenty-three facilities," "us[e] of bolded headings," "assumes/states as fact, that respondents were paid an hourly rate," and "places emphasis, to draw a potential respondent's attention to work allegedly done before and past the scheduled shift." (Def. Br. at 14 (emphasis in original).) Americare does not cite to any case law to support its arguments here. Moreover, Chief Magistrate Judge Gold had the proposed questionnaire before him and "rul[ed] that the affidavit and the questionnaire are adequate to warrant the 216(b) discovery descried in the July 15th letter of the plaintiff." (July 19 Conf. Tr. at 11:12–15.) The Court denies Americare's requests. *C.f. Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003) (denying "Plaintiff's and Defendant's requests contained in their objections for rulings on issues not addressed by [the] Magistrate Judge . . . [because] [t]he court has referred all discovery disputes to [the] Magistrate Judge [ ] and he is in the best position to review them in the first instance").

6

letters at a conference on June 4, 2013 where he noted that "defendant suggests the matter requires a full briefing rather than a letter exchange" and offered defendant the opportunity "to brief it on an expedited basis". (June 4 Conf. Tr. (Doc. No. 26) at 3:5–18.) Defense counsel rejected the opportunity for a full briefing and replied "Your Honor, we don't want to burden you with motion practice and we'll address briefly . . . that issue." (*Id*. at 3:19–25.) Americare's decision to proceed via oral argument and a letter writing campaign does not constitute a due process violation.

Moreover, this Rule 72(a) motion afforded Americare the opportunity to brief the issue – whether "[Nwike's] affidavit falls short of the precedent in this district" – that it requested to be briefed at the July 19, 2013 conference before Chief Magistrate Judge Gold. (July 19 Conf. Tr. at 5:16–19.) Accordingly, the Court finds Americare's argument here meritless.

II. **Motion to Stay Discovery**

Americare also moves to stay discovery "pending this appeal and the resolution of Americare's proposed" second motion to dismiss. (Def. Br. at 16–17.) Americare argues that the "claims asserted in this matter are moot in light of *Genesis* or must be dismissed in light of *Lundy*" and that there is no prejudice to plaintiffs "whose potential claims would be tolled" whereas the "prejudice to Americare from having to comply with an overbroad, and potentially unnecessary discovery device, is irreversible and significant." (*Id*. at 17.) Plaintiffs argue that "Defendant has failed to show that Plaintiffs' claims are without merit," that "Defendant cites no case law suggesting that a representative survey like the Questionnaire is overly burdensome of prejudicial," and that "[t]his motion is just another delay tactic by the Defendant". (Pls. Br. at 13–14.)

7

Federal Rule of Civil Procedure 26(c) provides that "for good cause shown," a district court has the discretion to stay discovery or make a protective order limiting discovery to certain matters. Fed. R. Civ. P. 26(c). "[I]t is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is 'by no means automatic.'" *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (citation omitted). In considering whether a stay is appropriate, courts consider [1] whether "the motion 'appear[s] to have substantial grounds[,]' . . . [2] the breath of discovery and the burden of responding to it, . . . [and 3] the unfair prejudice to the party opposing the stay." *In re Currency Conversion Fee Antitrust Litig.*, MDL 1409, 2002 WL 88278, at * 1 (S.D.N.Y. Jan. 22, 2002) (internal citations omitted). "The grant and nature of protection [pursuant to Rule 26(c)] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (citation omitted). These factors favor denying Americare's motion for a stay of discovery.

### A.  Substantial Ground

As grounds for a second motion to dismiss, Americare first argues that its offer of judgment pursuant to Rule 68 moots plaintiffs' "Overtime on Commissions claims" (*See* Def. Ltr dated July 24, 2013 (Doc. No. 31) at 1–2; Def. Ltr dated August 7, 2013 (Doc. No. 36) at 1–3; Reply at 3.) However, this argument fails as by its own admission, Americare acknowledges that there is a dispute regarding whether its offer of judgment provides plaintiffs with full relief since Americare's offer does not include relief for plaintiffs' claims alleging off-the-clock violations. (*See* Def. Br. at 15; Def. Ltr dated July 24, 2013 at 1–2.)  Americare does not provide any

8

authority to support its argument that an offer of judgment that does not provide plaintiffs full relief may nevertheless moot plaintiffs' claims.[4]

Americare's second ground for a potential renewed motion to dismiss focuses on three recent Second Circuit opinions which Americare claims requires dismissal of plaintiffs' "off-the-clock" allegations as they are "pled in general terms and without requisite specificity." (*See* Def. Br. at 17; Reply at 3, citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, -- F.3d --, 2013 WL 3743152 (2d Cir. July 11, 2013), and *Dejesus v. HF Mgmt. Servs. LLC*, -- F.3d --, 2013 WL 3970049 (2d Cir. Aug. 5, 2013).) However, Americare's argument that "plaintiffs failed to sufficiently plead allegations regarding 'off hours' work" (Mot. to Dismiss (Doc. No. 16-1) at 8 (capitalization altered)) has already been rejected by this Court. (*See* Mem. and Opinion at 10–11.) Moreover, even if plaintiffs' complaint is found to be lacking, plaintiffs arguably may seek leave to replead, as this is plaintiffs' initial complaint and Americare's arguments are based on a purported "clear change in the law" that is potentially curable by amendment. (Reply at 3.) Finally, and without presaging the success of any renewed motion to dismiss should this Court allow one to proceed, plaintiffs present cogent arguments to suggest, at least for purposes of evaluating any stay of discovery, that these three cases are distinguishable and the Court's Memorandum and Opinion is not in any way inconsistent with the Circuit's recent pronouncements. (Pls. Ltr dated Aug. 12, 2013 (Doc. No. 39) at 1–3.)

---

[4] Americare also attempts to use its Rule 68 offer of judgment to suggest that Magistrate Judge Gold "erred by not considering, especially in light of Americare's willingness to toll the statute of limitations, that this case may be moot in its entirety, except the NYLL claims, thus making any discovery, especially the questionnaire, burdensome and unnecessary." (Def. Br. at 15.) However, as Plaintiffs properly note, "there was no motion pending" regarding mootness before the magistrate judge at the time of the order and that even if there was such a motion, the order was proper "because (i) there was no stay of discovery at the time, and (ii) there are no grounds for Defendant's mootness motion" as Americare admits that there is a dispute as to whether the offer of judgment provides plaintiffs with full relief. (Pls. Br. at 12.)

### B. Breath and Burden of Discovery

Regarding the breath of discovery and the burden in responding to the proposed questionnaires, Americare merely states in conclusory fashion that this discovery is "excessive and prejudicial" and "significant and highly prejudicial." (Reply at 3.) This Court disagrees. Americare has been ordered "to distribute a questionnaire (Document [28-1]) to 20% of defendants' LPNs and RNs. (Minute Order dated July 19, 2013 at 1.) Based on the parties' representations at the June 4, 2013 conference, Chief Magistrate Judge Gold found that the potential class was comprised of "about maybe four hundred" individuals. (June 4 Conf. Tr. at 12:3–4.) This means that Americare is required to send out approximately 80 questionnaires and then return the answered questionnaires to plaintiffs on a rolling basis. The Court finds that the discovery order is neither overly broad nor burdensome.

### C. Prejudice to Plaintiffs

Regarding the prejudice to the plaintiffs, as the magistrate judge correctly noted, this case is "long in the tooth." (Pls. Br. at 14.) Thus, even with Americare's offer to enter into a tolling agreement (*see* Def. Br. at 17), which has not yet occurred, with the continued passage of time memories fade, evidence becomes stale, and the effort to identify and include potential class plaintiffs becomes more difficult. Plaintiffs have survived a motion to dismiss, and may very well survive any renewed motion. Thus, there is more than sufficient prejudice to plaintiffs should a stay be granted.

Thus, on balance, all of these factors weigh against any stay, and Americare's motion for one is hereby denied.

## CONCLUSION

For the reasons set forth above, Americare's motion pursuant to Rule 72(a) is DENIED, and Americare's motion for a stay of discovery is DENIED. Discovery shall proceed as

10

previously ordered by Chief Magistrate Judge Gold, and this action is re-committed to him for continued supervision of all pre-trial proceedings.

                                              SO ORDERED.

                                              *Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       August 20, 2013                    _____
                                         ROSLYNN R. MAUSKOPF
                                         United States District Judge